IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TELDIA HAYWOOD, et al.,

    Plaintiffs,

v.                               CIVIL ACTION NO. 1:19-00264

CARETTA MINERALS, LLC,
CNX GAS COMPANY LLC, and
UNKNOWN DEFENDANTS,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Caretta Minerals, LLC's ("Caretta") and defendant CNX Gas Company, LLC's ("CNX") motions to dismiss. (ECF Nos. 4, 7.) For the reasons that follow, both Caretta's and CNX's motions to dismiss are **GRANTED**.

### I. Background

Plaintiffs filed their Complaint on March 1, 2019 in the Circuit Court of McDowell County, West Virginia.[1] (ECF No. 1-1.) Plaintiffs bring four causes of action in the Complaint: a strict liability claim; a nuisance claim; a claim for violations of the Groundwater Protection Rule, W. Va. Code St. R. §§ 47-58-1, et seq.; and a negligence claim. (See ECF No. 1-1 ¶¶ 2, 3, 5, 6, 10.) Plaintiffs also seek punitive damages against defendants. (Id. ¶ 14.1.)

---

[1] The Complaint incorrectly indicates that it originally was filed in the Circuit Court of Wyoming County, West Virginia.

In furtherance of these causes of action, plaintiffs allege that defendants are "conducting mineral extraction services in the county in the area wherein the plaintiffs are resident" and that plaintiffs' residential area is "being contaminated by blasting, fracking, and drilling operations."[2] (Id. ¶¶ 1-2.) Plaintiffs then allege that they have suffered injury due to defendants' aforementioned activities, (see id. ¶¶ 4,7-12), such as "the extracting of minerals in a negligent and intentional manner such as to allow runoff from their mineral extraction activities," (id. ¶ 10), and injuries due to violations of the Groundwater Protection Rule. (See id. ¶¶ 3, 6, 13.)

On April 11, 2019, co-defendants Caretta and CNX timely removed this litigation to this court on the basis of diversity jurisdiction. (See ECF No. 1.) On April 18, 2019, both Caretta, (ECF No. 4), and CNX, (ECF No. 7), filed motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Caretta and CNX make largely the same argument in support of their motions to dismiss: that plaintiffs fail to state a claim that would entitle them to relief before this court because the Complaint fails to set

---

[2] Plaintiffs denote that defendants' actions here incorporate "the use of explosive, fracking, and blasting" which West Virginia law treats as strict liability activities. (Id. ¶ 2.)

forth any facts to support any nexus between the alleged activity by Caretta and plaintiffs' stated injuries. Defendants contend that the Complaint lacks any information regarding what specific actions taken by either defendant caused the events alleged by plaintiffs, when these events and injuries occurred, and even contains no information as to the specific locations of the plaintiffs' residences, which is where the alleged injuries occurred. Instead, defendants argue that the Complaint provides only conclusory statements that are insufficient to state a claim and do not give fair notice to defendants of the grounds upon which plaintiffs' allegations rest.

Caretta also argues in its motion that each stated cause of action in the Complaint is deficient because: 1) plaintiffs fail to set forth any well-pled fact that Caretta engaged in any activity that would support a claim of strict liability;[3] (2) plaintiffs fail to plead the elements necessary for a nuisance claim and also fail to set forth any well-pled fact that Caretta engaged in any activity that would support a nuisance claim; (3) plaintiffs have no authority to pursue a private cause of action for alleged violation of the Groundwater Protection Rule; (4)

---

[3] On this point, Caretta further states that it does not engage at all in blasting, fracking and/or drilling operations incorporating the use of explosive fracking.

plaintiffs fail to set forth any well-pled fact that Caretta engaged in any activity that would constitute a violation of the Groundwater Protection Rule; and (5) plaintiffs fail to plead the elements necessary for a negligence claim and also fail to set forth any well-pled fact that Caretta engaged in any activity that would support a claim of negligence. CNX makes similar arguments.

In plaintiffs' Response, (ECF No. 13), plaintiffs countered that the Complaint contains legally sufficient factual allegations to support plausible prima facie claims of negligence, private nuisance, and strict liability. Plaintiffs contend that they have sufficiently pled a negligence claim because they have pled the key negligence elements of duty, breach, causation, and injury. Defendants "had a common law duty to exercise reasonable care and precaution while engaging in blasting, fracking, and drilling." (Id. at p.5.) Defendants breached that duty by "allow[ing] the runoff of hazardous chemicals from blasting, fracking, and drilling operations." (Id. at p.6.) And plaintiffs pled causation and injury "by averring in the Complaint that plaintiff's [sic] various bodily and pecuniary injuries" were "directly and proximately caused" by defendants. (Id.)

Plaintiffs next responded that they had properly pled a private nuisance cause of action. They argue that the contamination of plaintiffs' groundwater well systems by defendants' mining operations was a substantial and unreasonable interference with the private use and enjoyment of plaintiffs' property, and caused significant harm to the property.

Lastly, plaintiffs argue that they sufficiently pled a strict liability claim because the use of explosive fracking and blasting subjects defendants to strict liability under West Virginia law, and plaintiffs have showed causation and damages by "assert[ing] that blasting, among other industrial activities, was culpable for the contamination of Plaintiffs' groundwater" and injuries resulting from the contamination. (Id. at p.9.)

In sum, plaintiffs argue they have sufficiently pled causes of action for negligence, nuisance, and strict liability, and that the allegations in the Complaint give fair notice to defendants of plaintiffs' claims and the grounds upon which they rest.

Defendants Caretta and CNX filed Replies, (see ECF Nos. 14, 15), countering that plaintiffs' Response failed to provide the court with any well-pled facts in support of their negligence, strict liability, or private nuisance claims. Plaintiffs

5

continued to fail to allege specific acts taken by defendants and then shown how these acts caused their alleged injuries. Thus, defendants argue that the Complaint does not state a claim under Rule 12(b)(6) because it continues to be factually deficient.

Moreover, defendants point out that "plaintiffs continued to withhold the location(s) of their residence(s) and water source(s) other than generically stating that they live in McDowell County, and plaintiffs still have not identified any Caretta [or CNX] operation(s) that allegedly could have contaminated the same." (ECF No. 14 at p.2-3.) Caretta noted that McDowell County has a geographic land area of 533.46 square miles[4] and, therefore, "merely stating that [defendants'] (unidentified) operation(s) in that county contaminated plaintiffs' residence(s) and/or water source(s), wherever those may be, would be insufficient as a matter of law" to satisfy Rule 12(b)(6) pleading standards. (Id. at p.3.)

Caretta also stated that plaintiffs failed to respond to or contest Caretta's dismissals of plaintiffs' claim that Caretta violated the Groundwater Protection Rule and of plaintiffs'

---

[4] (Id. at p.3 (citing data from the United States Census Bureau, available at https://www.census.gov/quickfacts/fact/table/mcdowellcountywestvirginia/PST045218.))

punitive damages claim. Caretta argues that, being unopposed on these matters, this court as a matter of law "must grant: (1) Caretta's Motion to Dismiss plaintiffs' claim that Caretta violated the Groundwater Protection Rule/Act and/or any other unidentified statute, law, rule and/or regulation; and (2) Caretta's Motion to Dismiss plaintiffs' punitive damages claim." (Id. at p. 1-2.) In a similar vein, CNX argues that because plaintiffs failed to address CNX's motion to dismiss any claim brought for violations of the Groundwater Protection Rule, "plaintiffs apparently concede that no private cause of action exists for the alleged violations." (ECF No. 15 at p.3.)

## II. Standard of Review for Motion to Dismiss

The cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance in evaluating the sufficiency of a pleading. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and 5

7

Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In other words, a complaint's factual allegations must produce an inference of liability strong enough to nudge a plaintiff's claims "'across the line from conceivable to plausible.'" <u>Id.</u> at 1952 (quoting <u>Twombly</u>, 550 U.S. at 570). Satisfying this "context-specific" test does not require "detailed factual allegations." <u>Id.</u> at 1949-50. A complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." <u>Id.</u> at 1950. Without such "heft," <u>id.</u> at 1947, a plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," <u>id.</u> at 1949, fail to nudge claims "across the line from conceivable to plausible." <u>Id.</u> at 1951 (quotations omitted).

As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570). A court must accept all of the complaint's factual allegations as true and draw all reasonable inferences therefrom in favor of the plaintiff. See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012).

## III. Analysis

Plaintiffs' Complaint fails to properly state a claim under Rule 12(b)(6) because it is factually deficient in several key areas. First, plaintiffs have not pled the precise addresses of their residences, which are relevant because their residences are the locations where the alleged injuries have occurred. Second, plaintiffs have failed to plead any facts supporting a causal nexus between defendants' alleged activities and plaintiffs' stated injuries. On this point, plaintiffs have not pled any facts stating that defendants conducted blasting, fracking, or drilling operations in or near the specific area where plaintiffs reside.[5] No facts have been pled stating the

---

[5] As Caretta noted, McDowell County has a geographic land area of 533.46 square miles. Thus, it is necessary to know the specific

9

extent of defendants' specific operations, stating specific instances of blasting/fracking/drilling, or stating any facts supporting that plaintiffs' injuries can be traced to defendants' activities. Third, plaintiffs have not pled a timeframe of when defendants' activities occurred or when plaintiffs' injuries occurred. It is therefore unclear if plaintiffs are claiming damages for defendants' past operations or for defendants' continuing operations, as well as whether the damages are past or ongoing. Fourth, the Complaint does not explain what specific actions by Caretta caused some or all of plaintiffs' injuries versus what specific actions by CNX caused some or all of plaintiffs' injuries. While exact attribution of causation to each defendant is not necessary at the pleading stage, this deficiency is representative of the problem that the Complaint has failed to identify specific actions taken by either defendant.

Due to these four primary deficiencies, plaintiffs have not given the defendants fair notice of the grounds upon which their claims rest. Nor have the plaintiffs given the court the factual basis to infer anything more than the mere possibility

---

locations of plaintiffs' residences and defendants' operations, in order to determine if it is even plausible that defendants' operations could have harmed plaintiffs.

of misconduct on the part of defendants.  Instead, the court is left facing only conclusory allegations that defendants' unspecified fracking/blasting/drilling activities – activities done at unspecified times and in unspecified locations – caused harm to plaintiffs' unspecified residences through unspecified means.  The court, drawing on "judicial experience and common sense,"  is therefore unable to conclude infer "more than the mere possibility of misconduct," Iqbal, 129 S. Ct. at 1950, as plaintiffs have not pled facts that nudge their claims "across the line from conceivable to plausible."  Id. at 1951.

Plaintiffs argue their allegation that defendants tortiously contaminated plaintiffs' groundwater "by the extracting of minerals in a negligent and intentional manner such as to allow runoff of hazardous chemicals from their [blasting, fracking, and drilling] activities," (ECF No. 1-1, ¶ 10), gives fair notice to defendants of plaintiffs' claims and the grounds upon which they rest.  This argument fails because without knowing where plaintiffs reside, where and when the runoff generally occurred, and which specific activities by which defendant are alleged to have caused the runoff contamination, defendants have no notice of knowing the specific claims alleged against them.  This runs counter to the requirement that a complaint "give the defendant[s] fair notice

11

of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555; see also, e.g., White v. All. One Receivable, 2014 WL 320123, at *6 (S.D.W. Va. Jan. 29, 2014) ("Plaintiff's entire Complaint is vague, nonspecific, and lacks the level of specificity that would allow any reasonable party in this case to be on notice of what Plaintiff is actually claiming that [defendant] has done wrong.").

Plaintiffs also argue that they have pled all the elements of their nuisance, negligence, and strict liability claims. Yet as the Supreme Court explained, "a complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Plaintiffs thus run into the same factual deficiency problem with this argument: listing the elements of their causes of action, paired with only conclusory statements that they have satisfied these elements, is insufficient to meet Rule 12(b)(6) pleading standards post-Twombly and Iqbal. See id. at 557 ("[A] complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Plaintiffs have not shown any facts consistent with the allegations in the Complaint, but have

12

merely stated legal conclusions.  Cf. ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia, 917 F.3d 206, 215 (4th Cir. 2019) ("Conclusory allegations . . . do not contain sufficient facts to properly state a claim.  The allegations do not specify what contractual obligation was breached. Neither do they refer to any underlying facts to support the purported breach. Thus, the complaint is not pled with enough specificity to plausibly state a claim. . . .").

The court has fully considered the parties' pleadings, in the light most favorable to the plaintiffs, and finds that plaintiffs have failed to state a claim under Rule 12(b)(6).  As such, defendants' motions to dismiss are **GRANTED.**

## IV. Conclusion

For the reasons expressed above, both defendants' motions to dismiss, (ECF Nos. 4, 7), are **GRANTED.**  This case is therefore **DISMISSED WITHOUT PREJUDICE.**[6]  Plaintiffs may file an

---

[6] The district court maintains the discretion to determine whether dismissal under Rule 12(b)(6) is with or without prejudice. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006).  Here, the court suspects that plaintiffs can amend their pleading to include such facts as the addresses of the residences, the locations of defendants' fracking/blasting/drilling activities, the timeframe of when the activities and injuries have occurred, and what specific actions each defendant took that caused the injuries to plaintiffs. Cf. North Carolina v. McGuirt, 114 F. App'x 555, 559 (4th Cir. 2004) (holding that "the district court did not abuse its discretion

amended pleading within fourteen days of the issuance of this opinion addressing the factual deficiencies of the Complaint. A Judgment Order dismissing the case with prejudice will be filed in fourteen days if no proposed amended complaint is filed.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 30th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge

---

in dismissing plaintiffs' complaint under Rule 12(b)(6) for failure to comply with Rule 8(a)").

Because plaintiffs have not specified the timeframe of when the activities and injuries occurred, the court is concerned that a dismissal with prejudice may result in any re-filed claim to be denied on statute of limitations grounds. See Payne, 439 F.3d at 204 (finding that the district court did not abuse its discretion by dismissing without prejudice due to concerns that the statute of limitations would prevent the plaintiff from re-filing). The court also finds that because discovery and other proceedings in this action have been stayed at the court's Order, (ECF No. 27), any prejudice caused by an amendment will be minimal.