IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TELDIA HAYWOOD, ROBERT HAYWOOD,
JOANNA BOWLING, RUSSELL ROBERSON,
and CAROLYN EDWARDS,

    Plaintiffs,

v.                          CIVIL ACTION NO. 1:19-00264

CARETTA MINERALS, LLC,
CNX GAS COMPANY LLC, and
UNKNOWN DEFENDANTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are two motions to withdraw by plaintiffs' counsel Robert H. Carlton. (ECF Nos. 36, 40.) On March 30, 2020, the court entered an order dismissing the case without prejudice for failing to state a claim, but authorized plaintiffs to file an amended pleading within fourteen days addressing deficiencies in the Complaint.[1] In another earlier memorandum opinion and order, filed on May 7, 2020, the court ordered a hearing to be set on June 23, 2020. (ECF No. 34.)

---

[1] The court did so because it found it probable that these factual deficiencies may be easily resolved. The deficiencies the court identified were 1) the addresses of the residences; 2) the locations of defendants' alleged fracking/blasting/drilling activities; 3) the timeframe of when the activities occurred and when plaintiffs' injuries were sustained; and 4) the fracking/blasting/drilling actions each defendant individually took that allegedly caused the injuries to plaintiffs. (See ECF No. 30, n.6.)

The court ordered Mr. Carlton to be present at this hearing, unless he filed a motion to withdraw and the court granted that motion.  (Id.)  The court ordered the hearing in large part because Mr. Carlton had been unresponsive to the court's earlier orders.  (See id.)

Mr. Carlton states in his motions to withdraw that he did not believe that he needed to respond to the court's orders because he understood his representation in the case to be concluded.  (ECF No. 36.)  He also states that he did not have the resources to amend the Complaint as the court permitted, and that, based upon the information he had obtained during the course of the case, he did not see a reason to refile.  (Id.)  Mr. Carlton, in his second motion to withdraw, further seeks leave to withdraw based upon plaintiffs' signed acknowledgments of his withdrawal and their consent to his withdrawal.  (ECF No. 40.)

Rule 83.4 of the Local Rules of Civil Procedure set forth the conditions upon which an attorney in a civil case may withdraw.  Because no other attorney has appeared on behalf on plaintiffs, and because there has been no notice of substitution of counsel, conditions (a) and (b) of Rule 83.4 are not applicable.  See L.R. Civ. P. 83.4(a),(b).  Thus, Mr. Carlton's motion to withdraw must be considered under condition (c), which

states that "[a]n attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause. The attorney must notify his or her client of the motion." L.R. Civ. P. 83.4(c).

The court is not yet satisfied that Mr. Carlton has shown good cause for withdrawal. The court wants to hear further from Mr. Carlton why he did not see a reason to refile and amend the pleadings, and why he was unresponsive to the court's earlier orders, including its order, (ECF No. 32), directing him to respond to Ms. Haywood's letter-form motion. (ECF No. 31.) Thus, the court will **HOLD** in abeyance its ruling on Mr. Carlton's motion to withdraw until the hearing set for 11:00 a.m. on June 23, 2020, in Bluefield. Mr. Carlton is reminded that the court has ordered him to be present for the hearing, and will issue sanctions upon him if he is not present.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 12th day of June, 2020.

Enter:

David A. Faber
Senior United States District Judge