IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TELDIA HAYWOOD, ROBERT HAYWOOD,
JOANNA BOWLING, RUSSELL ROBERSON,
and CAROLYN EDWARDS,

     Plaintiffs,

v.                                CIVIL ACTION NO. 1:19-00264

CARETTA MINERALS, LLC,
CNX GAS COMPANY LLC, and
UNKNOWN DEFENDANTS,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 7, 2020, Isak J. Howell appeared as counsel for plaintiffs in this matter. The same day, plaintiffs filed a motion stating that they "seek . . . dismissal of the case without prejudice." (ECF No. 48). If the court construes plaintiffs' motion as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), then this matter is automatically dismissed without prejudice, and the court has no further jurisdiction over it. For the reasons that follow, the court does construe plaintiffs' motion that way.

## I.  Background

Plaintiffs filed their Complaint on March 1, 2019, in the Circuit Court of McDowell County, West Virginia. On April 11, 2019, co-defendants Caretta and CNX timely removed the case to this court on the basis of diversity jurisdiction. On April 18,

2019, both Caretta and CNX filed motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On March 30, 2020, this court granted defendants' motions to dismiss, but gave plaintiffs leave to amend their complaint, providing a deadline of 14 days from March 30.[1]  Plaintiffs then brought to the court's attention that their then-attorney, Robert H. Carlton, was not actively representing them in the matter.  On April 21, 2020, the court ordered Mr. Carlton to either show cause for his withdrawal or show cause for the delay in filing an amended complaint.

When Mr. Carlton did not respond to this order, the court set a hearing and ordered him to appear.  On June 23, 2020, the court held this hearing.  At the hearing, the court found good cause for Mr. Carlton's withdrawal and granted his motion to withdraw.  The court gave plaintiffs until July 7, 2020, to state whether they had found new counsel or would be representing themselves.

---

[1] The court also stated that it dismissed the <u>case</u> without prejudice.  This was a clerical error.  The court meant to state that it dismissed the <u>complaint</u> without prejudice, not the entire action.  Pursuant to Federal Rule of Civil Procedure 60(a), the court now corrects this clerical error *sua sponte* and clarifies that dismissal was <u>not</u> of the entire action.  The court also notes that it already implicitly made this clarification in its order of April 21, 2020.

2

The court overruled defendants' objections to allowing plaintiffs time to find new counsel and to amend their complaint.  The court rejected defendants' argument that the case should be dismissed with prejudice as to all plaintiffs other than Ms. Haywood.  The court found that Ms. Haywood was acting on behalf of all plaintiffs when she moved for an extension.  The court also stated that it would set a new deadline for the filing of an amended complaint, if necessary, once plaintiffs informed the court of the status of their representation.  The court also held in abeyance defendants' joint motion to dismiss with prejudice (ECF No. 33) pending plaintiffs' filing of notice on the status of their representation.  (ECF No. 43.)

On July 2, 2020, Mr. Howell filed a request on behalf of plaintiffs to extend the July 7 deadline by 60 days.  On July 7, the court granted this motion in part, extending the deadline to August 7, 2020.  On August 7, 2020, Mr. Howell entered an appearance.  The same day, plaintiffs filed a motion couched as a request for leave to respond to defendants' motion to dismiss with prejudice, but unequivocally conveying plaintiffs' desire to dismiss this case without prejudice.

No defendant has filed an answer or a motion for summary judgment.

## II.  Discussion

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows plaintiffs to dismiss actions without a court order unless one or more defendants has filed an answer or motion for summary judgment.[2]  As the Fourth Circuit has explained, such "dismissal is available as a matter of unconditional right." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).  Rejecting an interpretation at odds with the text that allowed an exception to this unconditional right, the United States Court of Appeals for the Fourth Circuit explained that it should follow the text, not try to improve upon it.  See id. (quoting Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc., 498 U.S. 533, 549 (1991)).

Regarding the unconditional nature of a plaintiff's right to voluntarily dismiss, it does not matter how extensive proceedings have been in a case, so long as there has not been

---

[2] In relevant part, the Rule states as follows:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .

Fed. R. Civ. P. 41.

an answer or motion for summary judgment filed.  See Marex, 2 F.3d at 546-48.  As the Fourth Circuit has explained, "[t]hus, although in Marex the plaintiff had been 'dissembling, if not downright fraudulent,' and the defendant had expended considerable time and effort, we refused to hold that a Rule 41(a)(1)(i) voluntary dismissal was unavailable to the plaintiff."  Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen, a Div. of Transp. Commc'ns Union v. Norfolk S. Corp., 109 F.3d 993, 997 (4th Cir. 1997); see also Am. Soccer Co. v. Score First Enterprises, 187 F.3d 1108, 1111 (9th Cir. 1999) (quoting Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("Courts have refused to weigh the amount of effort expended by the defendant or the district court, instead holding that 'rule 41(a)(1) means what it says.'")).

To obtain dismissal pursuant to Rule 41(a)(1), it is not necessary that plaintiffs cite the rule, nor is it necessary that they style their filing as a "notice" rather than a "motion."  See, e.g., Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976).  A district court has authority to construe a filing as a Rule 41(a)(1) notice that is not styled as such when it is readily apparent that the filing seeks dismissal.  See Novosel v. White, No. 1:19CV365, 2019 WL 6682912, at *2 (M.D.N.C. Dec. 6, 2019); Buzzell v. Wallins, 3:09CV795-HEH, 2010

WL 2399685, at *1 (E.D. Va. June 15, 2010) aff'd sub nom.
Buzzell v. Wallin, 396 F. App'x 956 (4th Cir. 2010); Roddy v.
Dendy, 141 F.R.D. 261, 261 (S.D. Miss. 1992); Moore v. Davis, 72
F.R.D. 96, 97 (M.D.N.C. 1976).  If the face of the motion
unambiguously indicates that dismissal is the "desired effect"
of the motion's filing, that indication is sufficient for a
court to treat a mis-styled motion as a notice under Rule
41(a)(1)(A).  See Roddy, 141 F.R.D. at 261.

In Novosel, although the plaintiff filed a motion for
dismissal instead of a notice of dismissal, the court found that
because the plaintiff "could have voluntarily dismissed the
action without leave of the Court," dismissal under Rule
41(a)(1)—not (a)(2)—was appropriate.  2019 WL 6682912, at *3;
accord Buzzell, 2010 WL 4131399, at *1.  The court noted that

> Rule 41(a)(1)(i) itself provides a defendant who wishes to
> "avoid wasting time or money" and "preclude future
> prejudice to its interests" with a simple remedy to prevent
> a plaintiff from sua sponte dismissing an action without
> prejudice:  the defendant can file an answer or move for
> summary judgment. (citations omitted) If a defendant fails
> to pursue this remedy, it cannot circumvent the rule simply
> by serving the plaintiff with a motion to dismiss,
> supported by extraneous materials.  A plaintiff confronted
> with such a response is free to invoke Rule 41(a)(1)(i).

Id. at *2 (quoting Finley, 109 F.3d at 997).

In Davis, the plaintiffs filed a motion seeking dismissal
under Rule 41(a)(2), which requires court approval.  The court

assumed that the plaintiffs did not file a notice under
subsection (a)(1) because they mistakenly thought that the
filing of a Rule 12(b)(6) motion precluded this option.  72
F.R.D. at 97.  Noting that the plaintiffs would be entitled to
dismissal under (a)(1) because no defendant had filed an answer
or motion for summary judgment, the court treated the motion as
one under subsection (a)(1) and dismissed the case.  Id.

Here, although not styled as a notice under Rule 41(a)(1),
plaintiffs unequivocally seek dismissal of this action without
prejudice.  Given that defendants have not filed an answer or
motion for summary judgment, dismissal without prejudice is
plaintiffs' unqualified right.  To deny plaintiffs this right
because of the title used would place form over substance.  The
court therefore construes ECF No. 48 as a notice of dismissal
under Rule 41(a)(1)(A) and acknowledges that, as a result, this
case is now dismissed without prejudice.

## III. Conclusion

For the reasons expressed above, this action is
automatically dismissed without prejudice.[3]  All other pending

---

[3] There is no need for the court to order dismissal.  See Marex,
2 F.3d at 546 n.2 (quoting Am. Cyanamid Co. v. McGhee, 317 F.2d
295, 297 (5th Cir. 1963)).  ("So long as plaintiff has not been
served with his adversary's answer or motion for summary
judgment he need do no more than file a notice of dismissal with
the Clerk.  That document itself closes the file.  There is

motions are necessarily dismissed along with the case.  The court directs the Clerk to remove this case from the court's active docket and to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 15th day of December, 2020.

ENTER:

David A. Faber
Senior United States District Judge

---

nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of the court closing the file.  Its alpha and omega was the doing of the plaintiff alone.").